JASON R. HULL [11202]
JHULL@MOHTRIAL.COM
TREVOR C. LANG [14232]
TLANG@MOHTRIAL.COM
**MARSHALL OLSON & HULL, PC**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655

ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| RANDALL GARTEISER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>4 ASPEN CREEK CROSSING LLC, a Utah limited liability company,<br><br>Defendant. | **ATTORNEYS' PLANNING MEETING REPORT**<br><br>Case No. 2:15-cv-00723-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Randall Garteiser and defendant 4 Aspen Creek Crossing LLC submit this attorneys' planning meeting report.

**1. PRELIMINARY MATTERS**:

a. The nature of the claims and affirmative defenses is:

Plaintiff alleges breach of contract against defendant and seeks equitable relief from the Court in the form of specific performance of the contract or any other damages the Court sees fit to grant.

Defendant denies plaintiff's allegations and asserts various affirmative defenses.

    b.      This case has not been referred to a magistrate judge.

    c.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 22, 2015, between Jason R. Hull, counsel for plaintiff, and Jared C. Fields, counsel for defendant.

    d.      The parties do not request an initial pretrial scheduling conference with the Court prior to entry of the scheduling order.

    e.      The parties will exchange by January 11, 2015, the initial disclosures required by Rule 26(a)(1).

    f.      Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**:  The parties jointly propose the following discovery plan:

    a.      Discovery is necessary on all factual matters pertaining to claims and defenses.

    b.      Discovery Phases.

- First Phase (prior to close of fact discovery): discovery into all issues relating to liability, defenses, and damages.
- Second Phase (subsequent to close of fact discovery): expert reports from all experts, and all discovery related thereto.

    c.      Discovery methods and limitations:

        (1)    Oral Exam Depositions

- Plaintiffs: 5
- Defendants: 5

- Maximum number of hours per deposition: 7

(2) Written Discovery:

- Interrogatories: 20 maximum per side
- Requests for Admission: 20 maximum per side
- Requests for Production of Documents: 20 maximum per side

d. Discovery of electronically stored information should be handled as follows: Unless otherwise agreed between the parties, electronically stored information shall be produced in PDF or TIFF formats with each page endorsed with a unique Bates number. Moreover, where appropriate, electronically stored information should be produced as native files with a Bates-stamped placeholder image indicating that the file has been produced natively.

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties stipulate to the entry of the Standard Protective Order as approved by this Court.

f. Last day to file written discovery and last day to file standard motions to compel: June 27, 2016

g. Close of fact discovery: June 27, 2016

h. Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e): June 27, 2016

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:
   a. The cutoff date for filing a motion to amend pleadings is: June 13, 2016
   b. The cutoff date for filing a motion to join additional parties is: June 13, 2016

*(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

**4.    EXPERT DISCOVERY**:

Reports from experts under Rule 26(a)(2) will be submitted as follows:

- Parties bearing burden of proof: July 25, 2016

- Response: August 22, 2016

All expert depositions shall be concluded by: September 19, 2016

**5.    OTHER DEADLINES**:

a.    Expert Discovery cutoff:  September 19, 2016

b.    Deadline for filing dispositive[1] or potentially dispositive motions, including motions to exclude experts where expert testimony is required to prove the case:  October 17, 2016.

c.    Deadline for filing partial or complete motions to exclude expert testimony: October 17, 2016.

**6.    ALTERNATIVE DISPUTE RESOLUTION ("ADR")/SETTLEMENT**:

a.    The potential for resolution before trial is:  unknown

b.    This case should not be referred to the court's ADR program.

c.    The parties will re-evaluate the case for ADR/settlement on:  June 27, 2016

**7.    TRIAL AND PREPARATION FOR TRIAL:**

a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

b.    This case should be ready for trial by:  December 2016.

---

[1] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

Type of trial: Bench

c. The estimated length of the trial is: 2 days.

DATED this 22nd day of December, 2015.

                                       **MARSHALL OLSON & HULL, P.C.**

                                       BY:   /s/ Jason R. Hull
                                                  JASON R. HULL
                                                  TREVOR C. LANG

                                       ATTORNEYS FOR PLAINTIFF

DATED this 22nd day of December, 2015.

                                       **SNELL & WILMER L.L.P.**

                                       BY:   /s/ Blakely J. Denny (with permission)
                                                  JARED C. FIELDS
                                                  BLAKELY J. DENNY

                                       ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **ATTORNEY'S PLANNING MEETING REPORT** was filed this 22nd day of December, 2015, via the Court's electronic system, which served all counsel of record.

/s/ Jason R. Hull